IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION      MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Dorothy Baugher v. Ethicon, Inc., et al.*      Civil Action No. 2:12-cv-01053

ORDER
(Order re: Defendants' Motion to Exclude the
Untimely Supplemental Report of S. Abbas Shoberi, M.D.)

Pending before the court is the defendants' Motion to Exclude the Untimely Supplemental Report of S. Abbas Shoberi, M.D. [ECF No. 79]. The plaintiff filed her Response [ECF No. 88], and the defendants filed their Reply [ECF No. 92]. The defendants' Motion requests exclusion of Dr. Shoberi's supplemental report, but their Memorandum of Law [ECF No. 80] requests the court to, in the alternative, allow them additional time to depose Dr. Shoberi. For the reasons detailed below, the defendants' Motion is **GRANTED AS MOULDED**.

Pursuant to Pretrial Order # 205 [ECF No. 40] ("PTO"), the plaintiff was required to disclose her experts (and their opinions) on or before February 1, 2016. PTO # 205 at 1. The plaintiff timely disclosed Dr. Shoberi as an expert, along with Dr. Shoberi's expert report. However, Dr. Shoberi had not conducted an independent medical examination ("IME") of the plaintiff at the time he completed his expert

report. *See* Resp. 2. In his initial report, Dr. Shoberi states, "I plan to supplement or amend this report as necessary after I have examined Ms. Baugher." Shoberi Report at 3 [ECF No. 79-2].

On February 17, 2016, the parties entered a Stipulation [ECF No. 47], wherein they agreed that if the expert "who performs the IME has previously prepared and timely served an expert report in the case, then that [expert] may supplement his or her expert report in light of the IME as soon as practical but in any event no later than fourteen (14) days after the respective IME." Stipulation ¶ 6. Thus, the parties expressly agreed that experts could conduct IMEs and supplement previously-served reports *after* the PTO deadline, so long as supplementation occurred within fourteen days of an IME. On February 18, 2016—the day after the parties entered into the Stipulation—Dr. Shoberi performed an IME for the plaintiff. Resp. 2. Yet, the plaintiff did not disclose the revised report until the morning of March 13, 2016, which was the day the defendants deposed Dr. Shoberi.

The plaintiff altogether avoids explaining why she did not comply with the Stipulation by disclosing Dr. Shoberi's supplemental report within fourteen days; instead, she focuses her attention on the five-factor test from *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011).[1] *See generally* Resp. The plaintiff's failure to

---

[1] *Hoyle* established the factors a district court should consider in evaluating whether nondisclosure of evidence is substantially justified or harmless in order to avoid sanctions under Rule 37(c) of the Federal Rules of Civil Procedure.

comply with the terms of the Stipulation, however, is instrumental in my evaluation of the *Hoyle* factors.

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." According to the Fourth Circuit, the appropriate factors to consider in determining whether to sanction a party under Rule 37(c) are the following:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Hoyle*, 650 F.3d at 329.

I am simply unable to find that the plaintiff's late disclosure of Dr. Shoberi's supplemental expert report was substantially justified. The parties' Stipulation clearly required the plaintiff to disclose any supplemental expert report within fourteen days of an IME, but the plaintiff offers no explanation regarding why she waited nearly a month to disclose Dr. Shoberi's supplemental report. The fact that the plaintiff waited until the very day Dr. Shoberi was to be deposed by the defendants suggests dubious motives, but I must also evaluate whether the late disclosure was nevertheless harmless before I can determine whether sanctions are appropriate.

The defendants' arguments support a finding of surprise. While the Stipulation, of course, contemplated the later taking of an IME and filing of a supplemental expert report, the parties established self-imposed deadlines for such disclosures to avoid surprises. The plaintiff did not inform the defendants that an IME had been conducted on February 18, 2016; thus the defendants had no reason to expect that a supplemental report would (or should) have been forthcoming. Mem. Supp. Mot. 5 [ECF No. 80].

Moreover, the defendants were taken off-guard on the day of Dr. Shoberi's deposition, and the defendants were not afforded an opportunity to cure the surprise. Mem. Supp. Mot. 6 ("Ethicon's counsel attempted to meet and confer with Plaintiff's counsel after the deposition requesting additional time to depose Dr. Shoberi pursuant to the terms of the agreed-upon stipulation. But again, Ms. Baugher's counsel refused to present the witness . . . ." (citations omitted)). Indeed, the plaintiff continues to refuse to allow the defendants additional time to depose Dr. Shoberi regarding his newly-disclosed opinions. *See* Resp. 8 n.37.

The supplemental report is twenty-two pages long, whereas the original report is merely three pages long. Also, the supplemental report recommends that the plaintiff's TVT-O device be removed, but the original report recommended that the device stay in place. Finally, the supplemental report documents a number of alleged symptoms the plaintiff suffers that were not offered in the original report. There is no doubt that these newly-offered opinions are important to the plaintiff's case, but

the plaintiff's violation of the Stipulation has harmed the defendants' ability to prepare their defense.

I recognize that a trial date has not been set in this case, and I also recognize that any harm to the defendants regarding this matter may be easily remedied by allowing them to have additional time to depose Dr. Shoberi. *See* Mem. Supp. Mot. 9.

Accordingly, the defendants' Motion to Exclude the Untimely Supplemental Report of S. Abbas Shoberi, M.D. [ECF No. 79] is **GRANTED AS MOULDED**. I **ORDER** that the defendants have until **December 1, 2016**, to depose Dr. Shoberi again, and **the deposition may not exceed two hours**. I further **ORDER** that any *Daubert* motion as to Dr. Shoberi must be filed on or before **December 15, 2016**, and any response or reply must be filed in accordance with the Federal Rules of Civil Procedure and the court's Local Rules.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 6, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE